## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MARY JOSEPHINE (JOSIE) VALDEZ, *et al.*, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NATIONAL SECURITY AGENCY, *et al.*, | ) ) |
| Defendants. | ) ) ) |

No. 2:15-cv-00584-RJS-DBP

Judge Robert J. Shelby

Magistrate Judge Dustin B. Pead

### DEFENDANT NATIONAL SECURITY AGENCY'S ANSWER
### TO PLAINTIFFS' AMENDED COMPLAINT

Defendant National Security Agency ("NSA")[1] answers Plaintiffs' Amended Complaint

for Constitutional, Common Law, and Statutory Violations, Seeking Damages, Declaratory, and

Injunctive Relief (Dkt. No. 26) (hereinafter, the "Amended Complaint"), as follows:[2]

### FIRST DEFENSE

The Court lacks subject matter jurisdiction over the claims asserted, inasmuch as

Plaintiffs have not established their standing to sue.

### SECOND DEFENSE

Plaintiffs' claims for monetary relief are barred by sovereign immunity.

---

[1] The Federal Bureau of Investigation ("FBI") has been dismissed as a defendant to this lawsuit. *See* Mem. Decision & Order, Dkt. No. 35, at 7 n.15 & 20 n.69. *See also* Pls.' Mem. in Opp. to Mot. to Dismiss for Lack of Subject Matter Jurisdiction, Dkt. No. 28, at 5 & 14 n.5.

[2] This answer is not submitted on behalf of Defendants George W. Bush, former President of the United States, Richard B. Cheney, former Vice President of the United States, General (Ret.) Michael V. Hayden, former Director of the NSA, and David Addington, formerly Counsel and Chief of Staff to Vice President Cheney, who are sued in their personal capacities. They retain their rights to plead separately and to raise any defenses available to them.

## THIRD DEFENSE

The Complaint fails to state claims on which relief may be granted.

The NSA answers below the numbered paragraphs of the Amended Complaint:

1.      This paragraph constitutes Plaintiffs' characterization of the nature of this action, to which no response is required.

2.      This paragraph contains conclusions of law, to which no response is required. Admit that starting on October 4, 2001, then-President Bush authorized the Secretary of Defense to employ the capabilities of the Department of Defense, including the NSA, to collect foreign intelligence by electronic surveillance in order to detect and prevent acts of terrorism within the United States.  President Bush authorized the NSA to collect (1) the contents of certain international communications, an activity referred to and first publicly acknowledged by then-President Bush in December 2005 as the Terrorist Surveillance Program ("TSP"), and (2) telephony and Internet non-content information (referred to as "metadata") in bulk, subject to various conditions, activities first publicly acknowledged by the Director of National Intelligence in December 2013.  Collectively these presidentially authorized NSA intelligence-collection activities have been publicly acknowledged and referred to by the United States Government as the President's Surveillance Program ("PSP").  Admit that the activities actually carried out under the PSP were conducted without warrant or court order or judicial findings of probable cause, but rather, under Presidential and statutory authority.  To the extent the allegations of this paragraph exceed the scope of or are inconsistent with the foregoing admissions, they are denied, including, specifically, the allegation that the PSP involved "indiscriminate" surveillance, interception, or analysis of communications.

3.      This paragraph contains conclusions of law to which no response is required. Otherwise, the NSA incorporates by reference sentences 2-4 of its answer to paragraph 2, above,

and admits further that at certain times the PSP was known within the U.S. Government by the codename "STELLAR WIND."  To the extent the allegations of this paragraph exceed the scope of or are inconsistent with the foregoing admissions, they are denied, including, specifically, any suggestion that the PSP involved indiscriminate surveillance of communications.

4.      The phrase "instrumental in authorizing and encouraging" is too vague and ambiguous for the NSA to form a belief as to the truth or falsity of this paragraph, except to admit that defendant Addington is reported to have drafted the Presidential authorizations of the PSP.

5.      This paragraph contains conclusions of law to which no response is required. Otherwise, the NSA incorporates by reference sentences 2-4 of its answer to paragraph two, above.  To the extent the allegations of this paragraph exceed the scope of or are inconsistent with those admissions, they are denied, including, specifically, allegations that the PSP (or any other NSA intelligence activity) involved or "evolved" into "blanket, indiscriminate … surveillance of the contents of every email and text message and the metadata of every telephone call" sent or received in Salt Lake City, or the vicinity of Olympic venues, during the 2002 Salt Lake City Winter Olympic Games.

6.      This paragraph constitutes conclusions of law, to which no response is required.

7.      This paragraph constitutes conclusions of law, to which no response is required.

8.      This paragraph contains conclusions of law to which no response is required. Otherwise, the NSA lacks sufficient information and knowledge to form a belief as to the truth or falsity of this paragraph, except to admit that then-President Bush made the remarks quoted in sentence four in regard to surveillance activities authorized under the USA-PATRIOT Act, rather than the PSP.  NSA respectfully refers the Court to those remarks for a complete and accurate statement of their contents.

9.      This paragraph contains conclusions of law to which no response is required. Otherwise, deny that the NSA, whether under the PSP or any other intelligence activity, at any time has conducted "mass" or "blanket" surveillance "over everyone utilizing email, text message, and telephone" communications in Salt Lake City or the vicinity of Olympic venues, whether in conjunction with the FBI or otherwise.

10.      This paragraph contains conclusions of law to which no response is required. Otherwise, deny that the NSA, whether under the PSP or any other intelligence activity, at any time has conducted "blanket" surveillance, interception, or analysis of "every text message and email," or of metadata pertaining to "every telephone conversation," in Salt Lake City or the vicinity of Olympic venues.

11.      This paragraph contains conclusions of law to which no response is required. Otherwise, deny that the NSA, whether under the PSP or any other intelligence activity, at any time has conducted "mass" or "blanket" surveillance of communications in Salt Lake City or the vicinity of Olympic venues.  NSA can neither admit nor deny the specific allegation that "[i]n some instances" it recorded and analyzed conversations involving targeted telephone numbers in Salt Lake City without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

12.      This paragraph contains conclusions of law, to which no response is required. Deny that the NSA has or at relevant times had a "practice and philosophy of … hord[ing] everything obtained through surveillance;" and deny that the NSA presently stores, or ever has stored, the contents of communications, or metadata, allegedly obtained as part of alleged "blanket" surveillance or interception of communications in Salt Lake City or the vicinity of Olympic venues.

13-16.  These paragraphs constitute conclusions of law to which no response is required.

4

17-22.  The NSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of these paragraphs; except that the NSA can neither confirm nor deny whether it has sufficient knowledge or information to form a belief as to the truth or falsity of allegations regarding plaintiffs' possession and use of various means of communication, and utilization of services available from particular telecommunications service providers, without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

23.   This paragraph contains conclusions of law, to which no response is required.  To the extent that the second sentence of this paragraph is intended to allege that all e-mails sent or received by Plaintiffs in Salt Lake City or the vicinity of Olympic venues during the 2002 Salt Lake Winter Olympic Games were subjected to "surveillance, interception, and key-word spotting analysis" as part of alleged NSA "blanket" surveillance of communications in Salt Lake City or the vicinity of Olympic venues, it is denied.  Otherwise, the NSA can neither confirm nor deny whether it has sufficient knowledge or information to form a belief as to the truth or falsity of the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

24.   This paragraph contains conclusions of law, to which no response is required. Admit that the NSA is an agency within the United States Department of Defense responsible for providing, among other things, foreign-signals intelligence about international terrorists and foreign powers, organizations, and persons to U.S. Government policy makers and military forces with an official need for such intelligence.  Admit that the NSA conducted intelligence-collection activities actually carried out under the PSP, but deny that the NSA, whether under the PSP or any other intelligence activity, at any time has conducted a program of indiscriminate "blanket" surveillance of communications in Salt Lake City or the vicinity of Olympic venues,

whether in "collaboration" or "conjunction" with the FBI or otherwise.  Admit that the FBI is a component of the United States Department of Justice whose responsibilities include protecting and defending the United States against terrorist and foreign intelligence threats; upholding and enforcing the criminal laws of the United States; providing leadership and criminal justice services to federal, state, municipal, and international agencies and partners; and performing these responsibilities in a manner that is responsive to the needs of the public and is faithful to the Constitution of the United States.  To the extent the allegations of this paragraph exceed the scope of or are inconsistent with the foregoing admissions, they are denied, including the specific allegation that the FBI "has a long record of abuses of the Constitution and other federal laws, including violations of surveillance prohibitions and limitations."

25.    This paragraph contains conclusions of law and, in sentence two and the first clause of sentence three, argumentative characterizations of events unrelated to Plaintiffs' claims for relief, to which no response is required.  Otherwise, the NSA admits the first sentence, and denies the remainder of the paragraph.

26.    This paragraph contains conclusions of law, to which no response is required. Otherwise, admit the first sentence.  Sentences two and three are too vague and ambiguous for the NSA to form a belief as to the truth or falsity of the allegations contained therein, except to deny that the NSA at any time received authorization to engage in indiscriminate "blanket" surveillance of communications originating or received in Salt Lake City or the vicinity of Olympic venues.

27.    This paragraph contains conclusions of law, to which no response is required. Otherwise, admit sentences one and two.  Sentence three constitutes argumentative characterizations of events unrelated to Plaintiffs' claims for relief, to which no response is required.   So far as sentence four is intended to refer to the PSP, deny that Vice President

Cheney "authorized, or purported to authorize," the intelligence activities actually conducted under the PSP. The allegation that Vice President Cheney "was instrumental in causing the [PSP] to be implemented" is too vague and ambiguous for the NSA to form a belief as to its truth or falsity. So far as sentence four is intended to refer to alleged indiscriminate "blanket" surveillance of communications in Salt Lake City or the vicinity of Olympic venues during the 2002 Winter Olympic Games, it is denied.

28.     As to sentences one and two, admit that Defendant Addington was Counsel to Vice President Cheney from 2001 to 2005, and Chief of Staff to Vice President Cheney from 2005 to 2009. So far as sentence three is intended to refer to the PSP, the allegation that Defendant Addington "oversaw the authorization of the [PSP]" is too vague and ambiguous for the NSA to form a belief as to its truth or falsity. So far as sentence three is intended to refer to alleged indiscriminate "blanket" surveillance of communications in Salt Lake City or the vicinity of Olympic venues during the 2002 Winter Olympic Games, it is denied. As to sentence four, admit that Defendant Addington is reported to have drafted the periodic Presidential authorizations of the PSP.

29.     The NSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of this paragraph, except to deny that the NSA at any time has conducted a program of indiscriminate "blanket" surveillance of communications in Salt Lake City or the vicinity of Olympic venues, whether in conjunction or collaboration with the FBI or otherwise.

30.     The NSA incorporates herein by reference its responses to paragraphs 1-29 of the Amended Complaint.

31.     This paragraph constitutes a conclusion of law, to which no response is required.

32.     This paragraph contains conclusions of law, to which no response is required. So far as this paragraph asserts "acquisition, interception, surveillance and analysis of Plaintiffs'

communications, content of communications, and records pertaining to their communications"
by the NSA as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City
or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other
time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this
paragraph without revealing or tending to reveal classified national-security information that is
subject to protection from disclosure by law.

   33. So far as this paragraph asserts "acquisition, interception, surveillance and
analysis of communications of Plaintiffs, content of communications, and records pertaining to
their communications" by the NSA, or by any alleged agent of the NSA, as part of alleged
indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic
venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.
Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without
revealing or tending to reveal classified national-security information that is subject to protection
from disclosure by law.

   34. This paragraph constitutes a conclusion of law, to which no response is required.

   35. This paragraph contains conclusions of law, to which no response is required.
Otherwise this paragraph is denied; except that so far as this paragraph adverts to the PSP, admit
that the NSA conducted intelligence-collection activities actually carried out under the PSP, and
that such activities were conducted without warrant or court order, but rather, under Presidential
and statutory authority.

   36. This paragraph constitutes a conclusion of law, to which no response is required.

   37. This paragraph constitutes a conclusion of law, to which no response is required.

   38. This paragraph constitutes a conclusion of law, to which no response is required.

   39. This paragraph constitutes a prayer for relief, to which no response is required.

40.     The NSA incorporates herein by reference its responses to paragraphs 1-39 of the Amended Complaint.

41.     This paragraph constitutes a conclusion of law, to which no response is required.

42.     This paragraph contains conclusions of law, to which no response is required.  So far as this paragraph asserts "acquisition, interception, surveillance and analysis of Plaintiffs' communications, content of communications, and records pertaining to their communications" by the NSA as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

43.     So far as this paragraph asserts "acquisition, interception, surveillance and analysis of communications of Plaintiffs, content of communications, and records pertaining to their communications" by the NSA, or by any alleged agent of the NSA, as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied. Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

44.     This paragraph contains a conclusion of law, to which no response is required. Otherwise, deny that the NSA stored or continues to store communications allegedly acquired in connection with alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time.

45.     This paragraph constitutes a conclusion of law, to which no response is required.

46.     This paragraph contains conclusions of law, to which no response is required. Otherwise this paragraph is denied; except that so far as this paragraph adverts to the PSP, admit that the NSA conducted intelligence-collection activities actually carried out under the PSP, and that such activities were conducted without warrant or court order, but rather, under Presidential and statutory authority.

47.     This paragraph constitutes a conclusion of law, to which no response is required.

48.     This paragraph constitutes a conclusion of law, to which no response is required.

49.     This paragraph constitutes legal argument rather than allegations of fact in support of a claim for relief, to which no response is required.

50.     This paragraph constitutes a prayer for relief, to which no response is required.

51.     The first sentence of this paragraph constitutes a conclusion of law, to which no response is required.  The remainder of this paragraph constitutes a prayer for relief, to which no response is required.

52.     The NSA incorporates herein by reference its responses to paragraphs 1-51 of the Amended Complaint.

53.     NSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of this paragraph.

54.     This paragraph contains conclusions of law, to which no response is required.  So far as this paragraph asserts "acquisition, interception, surveillance and analysis of Plaintiffs' communications, content of communications, and records pertaining to their communications" by the NSA as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this

paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

55.     This paragraph constitutes a conclusion of law, to which no response is required.

56.     This paragraph contains conclusions of law, to which no response is required. Otherwise, it is denied.

57.     This paragraph constitutes a prayer for relief, to which no response is required.

58.     The NSA incorporates herein by reference its responses to paragraphs 1-57 of the Amended Complaint.

59.     NSA lacks sufficient knowledge or information to form a belief as to the truth or falsity of this paragraph.

60.     This paragraph contains conclusions of law, to which no response is required.  So far as this paragraph asserts "acquisition, interception, surveillance and analysis of Plaintiffs' communications, content of communications, and records pertaining to their communications" by the NSA as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

61.     This paragraph constitutes a conclusion of law, to which no response is required.

62.     This paragraph contains conclusions of law, to which no response is required. Otherwise, it is denied.

63.     This paragraph contains a conclusion of law, to which no response is required. Otherwise, deny that the NSA stored or continues to store communications allegedly acquired in

connection with alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time.

64.      This paragraph contains conclusions of law, to which no response is required. Otherwise, it is denied.

65.      The first sentence of this paragraph constitutes a conclusion of law, to which no response is required.  The remainder of this paragraph constitutes a prayer for relief, to which no response is required.

66.      The NSA incorporates herein by reference its responses to paragraphs 1-65 of the Amended Complaint.

67.      This paragraph constitutes a conclusion of law, to which no response is required.

68.      This paragraph contains conclusions of law, to which no response is required.  So far as this paragraph asserts acquisition by the NSA of "the contents of one or more wire communications to or from Plaintiffs or other information in which Plaintiffs have a reasonable expectation of privacy" as part of alleged indiscriminate "blanket" surveillance in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

69.      This paragraph contains conclusions of law, to which no response is required.  So far as this paragraph asserts "acquisition, interception, surveillance and analysis of Plaintiffs' communications, content of communications, and records pertaining to their communications" by the NSA as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this

paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

70.     This paragraph contains conclusions of law, to which no response is required.  So far as this paragraph asserts that Plaintiffs (or others) were subjected to surveillance by the NSA as part of alleged indiscriminate "blanket" surveillance in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied. Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

71.     This paragraph constitutes a conclusion of law, to which no response is required.

72.     This paragraph constitutes a conclusion of law, to which no response is required.

73.     This paragraph constitutes a prayer for relief, to which no response is required.

74.     The NSA incorporates herein by reference its responses to paragraphs 1-73 of the Amended Complaint.

75.     This paragraph constitutes a conclusion of law, to which no response is required.

76-79.  These paragraphs constitute conclusions of law, to which no response is required. So far as these paragraphs assert that the NSA intercepted, used, or caused the divulgence of Plaintiffs' communications as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, they are denied.  Otherwise, the NSA can neither admit nor deny the allegations of these paragraphs without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

80.     This paragraph contains a conclusion of law, to which no response is required.  So far as this paragraph asserts "interception, disclosure, divulgence and/or use of Plaintiffs'

communications" by the NSA, or by any alleged agent of the NSA, as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied. Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

81.     Admit that the NSA did not notify Plaintiffs, or obtain their consent regarding, any intelligence-gathering activities actually conducted by the NSA.  So far as this paragraph asserts "interception, disclosure, and/or use of [Plaintiffs'] communications" by the NSA, or by any alleged agent of the NSA, as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

82.     This paragraph constitutes a conclusion of law, to which no response is required.

83.     This paragraph constitutes a conclusion of law, to which no response is required.

84.     This paragraph constitutes a conclusion of law, and a prayer for relief, to which no response is required.

85.     The NSA incorporates herein by reference its responses to paragraphs 1-84 of the Amended Complaint.

86.     This paragraph constitutes a conclusion of law, to which no response is required.

87.     This paragraph contains conclusions of law, to which no response is required.  So far as this paragraph asserts that the NSA required, or in any other way or to any extent caused, telecommunications service providers to disclose the contents of Plaintiffs' communications as

part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

88.    This paragraph contains a conclusion of law, to which no response is required.  So far as this paragraph asserts "acts of disclosure of Plaintiffs' communications" by the NSA, or by any alleged agent of the NSA, as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

89.    Admit that the NSA did not notify Plaintiffs, or obtain their consent regarding, any intelligence-gathering activities actually conducted by the NSA.  So far as this paragraph asserts "disclosure of [Plaintiffs'] communications" by the NSA, or by any alleged agent of the NSA, as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

90.    This paragraph constitutes a conclusion of law, to which no response is required.

91.    This paragraph constitutes a conclusion of law, to which no response is required.

92.    This paragraph constitutes a conclusion of law, to which no response is required.

93.     This paragraph constitutes a conclusion of law and a prayer for relief, to which no response is required.

94.     The NSA incorporates herein by reference its responses to paragraphs 1-93 of the Amended Complaint.

95.     This paragraph constitutes a conclusion of law, to which no response is required.

96.     This paragraph contains conclusions of law, to which no response is required.  So far as this paragraph asserts that the NSA required or in any other way or to any extent caused telecommunications service providers to disclose the contents of Plaintiffs' communications as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

97.     Admit that the NSA did not notify Plaintiffs, or obtain their consent regarding, any intelligence-gathering activities actually conducted by the NSA.  So far as this paragraph asserts "disclosure of [Plaintiffs'] communications" by the NSA, or by any telecommunications service provider(s), as part of alleged indiscriminate "blanket" surveillance conducted in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

98.     Deny that the NSA stored or continues to store communications allegedly acquired in connection with alleged indiscriminate "blanket" surveillance conducted in Salt Lake

City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time.

99.     This paragraph constitutes a conclusion of law, to which no response is required.

100.     This paragraph constitutes a conclusion of law, to which no response is required.

101.     This paragraph constitutes a conclusion of law, to which no response is required.

102.     This paragraph constitutes a conclusion of law, to which no response is required.

103.     This paragraph contains conclusions of law, to which no response is required. Otherwise, it is denied.

104.     This paragraph constitutes a conclusion of law and a prayer for relief, to which no response is required.

105.     The NSA incorporates herein by reference its responses to paragraphs 1-104 of the Amended Complaint.

106.     This paragraph constitutes a conclusion of law, to which no response is required.

107.     This paragraph constitutes a conclusion of law, to which no response is required.

108.     Admit that the quoted statements previously appeared on the NSA website, at https://www.nsa.gov/about/faqs/about_nsa.shtml.  A similar statement currently appears on the NSA website, at https://www.nsa.gov/about/faqs/about-nsa-faqs.shtml (last accessed on February 21, 2017), to which the Court is respectfully referred for a complete and accurate statement of its contents.

109.     This paragraph contains conclusions of law, to which no response is required. Otherwise, it is denied.

110.     This paragraph constitutes a conclusion of law, to which no response is required.

111.     This paragraph constitutes a prayer for relief, to which no response is required.

112.    This paragraph constitutes a conclusion of law and a prayer for relief, to which no response is required.

113.    The NSA incorporates herein by reference its responses to paragraphs 1-112 of the Amended Complaint.

114.    This paragraph contains a conclusion of law, to which no response is required.  So far as this paragraph asserts NSA interception of "messages that were privately communicated or received by Plaintiffs" as part of alleged indiscriminate "blanket" surveillance of communications in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

115.    The first sentence is denied.  The second sentence constitutes a conclusion of law, to which no response is required.

116.    This paragraph constitutes a prayer for relief, to which no response is required.

117.    The NSA incorporates herein by reference its responses to paragraphs 1-116 of the Amended Complaint.

118.    This paragraph constitutes a conclusion of law, to which no response is required.

119.    This paragraph contains conclusions of law, to which no response is required.  So far as this paragraph asserts NSA "interception, acquisition, disclosure, divulgence, use, and/or storage of the contents" of Plaintiffs' communications as part of alleged indiscriminate "blanket" surveillance of communications in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, it is denied.  Otherwise, the NSA can neither admit nor deny the allegations of this paragraph without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

120.    The first sentence of this paragraph constitutes a conclusion of law to which no response is required.  The remainder of this paragraph constitutes a prayer for relief, to which no response is required.

121.    The NSA incorporates herein by reference its responses to paragraphs 1-120 of the Amended Complaint.

122.    This paragraph constitutes a conclusion of law, to which no response is required.

123-125.  These paragraphs contain conclusions of law, to which no response is required. So far as these paragraphs assert NSA acquisition, interception, surveillance and/or analysis of Plaintiffs' communications, contents of communications, and/or records pertaining to their communications as part of alleged indiscriminate "blanket" surveillance of communications in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time, they are denied.  Otherwise, the NSA can neither admit nor deny the allegations of these paragraphs without revealing or tending to reveal classified national-security information that is subject to protection from disclosure by law.

126.    Deny that the NSA stored or continues to store communications allegedly subjected to surveillance in connection with alleged indiscriminate "blanket" surveillance in Salt Lake City or the vicinity of Olympic venues either during the 2002 Winter Olympic Games, or at any other time.

127.    This paragraph constitutes a conclusion of law, to which no response is required.

128.    This paragraph constitutes a prayer for relief, to which no response is required.

129.    The first sentence of this paragraph constitutes a conclusion of law to which no response is required.  The remainder of this paragraph constitutes a prayer for relief, to which no response is required.

The remainder of the Amended Complaint constitutes Plaintiffs' Prayer for Relief and their Jury Demand, to which no response is required.  To the extent a response is deemed necessary, the NSA denies that Plaintiffs are entitled to the relief prayed for, or to any relief whatsoever, and denies that Plaintiffs are entitled to a trial by jury of the claims they have asserted against the NSA.

WHEREFORE, having fully answered, the NSA respectfully requests that Plaintiffs' claims against the NSA be dismissed, with prejudice, and that the Court award the NSA such other and further relief as this Court may deem just and proper.

Dated:  February 21, 2017

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ANTHONY J. COPPOLINO
Deputy Branch Director

By:  _/s/ James J. Gilligan_
     JAMES J. GILLIGAN
     Special Litigation Counsel

RODNEY PATTON
Senior Counsel

JULIA A. BERMAN
TIMOTHY A. JOHNSON
CAROLINE J. ANDERSON
Trial Attorneys

U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 6102
Washington, D.C.  20001
E-mail:  james.gilligan@usdoj.gov
Phone:   (202) 514-3358
Fax:       (202) 616-8470

*Counsel for Defendant NSA*